IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-31234

_____

IN THE MATTER OF: SHELTON'S TRUCK STOP, INC.,

Debtor.

_____

GLADYS SHELTON,

Appellant,

v.

HAROLD L. ROSBOTTOM, JR., LESLIE FOX ROSBOTTOM, and MARTIN A. SCHOTT, Chapter 11 Trustee,

Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CV-95-A)
_____

March 3, 1999

Before KING, Chief Judge, REAVLEY and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gladys Shelton, the sole shareholder of the debtor, Shelton Truck Stop, Inc., appeals the confirmation order entered by the bankruptcy court on October 10, 1996. That order approved a reorganization plan ("Plan") that had been proposed by the debtor's largest creditor, Harold Rosbottom, who is an appellee here. Shelton filed a motion for reconsideration, which the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

bankruptcy court denied on October 25.  On November 4, Shelton filed a notice of appeal of the confirmation order but did not seek a stay of that order from the bankruptcy court or the district court.

In the meantime, Rosbottom and the Chapter 11 trustee, who is also an appellee here, began to implement the confirmed Plan: On the same day that Shelton appealed to the district court, the trustee transferred the debtor's assets to St. Francisville Investments, LLC ("SFI"), an entity formed and capitalized by Rosbottom.  With the trustee's agreement, the bankruptcy court on November 8 dismissed with prejudice the adversary proceedings that the debtor or its trustee had instituted against Rosbottom. SFI assumed and paid interest due on Shelton Truck Stop's secured debts to the Small Business Administration and to a local bank, tendered $10,000 for a secured debt owed by the debtor to Shelton's sister, paid the administrative expenses of the trustee and his counsel, and began monthly payments to cover priority tax claims.  In addition, small unsecured creditors received remuneration representing 50% of their claims, and large unsecured creditors began in April 1997 to receive regular disbursements derived from revenues generated by the property transferred to SFI.  Under the terms of the Plan, the latter class of creditors are recouping 100% of their claims.

In the district court, appellee Rosbottom moved to dismiss Shelton's appeal, arguing that substantial consummation of the Plan had rendered the appeal moot and that Shelton lacked

standing.  Shelton did not oppose the motion.  The district court accepted the appellee's arguments and granted the motion to dismiss.  Shelton then moved for reconsideration, requesting additional time to secure the Chapter 7 trustee's abandonment of the claims at issue so that Shelton could pursue them.  In her motion, Shelton did not contest the court's conclusion that her appeal was moot. The district court denied the motion for reconsideration, finding that Shelton had failed to show good cause or substantial reason to set aside the dismissal.  In its order, the district court noted that it had previously granted Shelton an extension and that she had allowed that time to lapse without moving for a continuance or taking other steps to preserve her claims.  Shelton filed a notice of appeal from the district court's dismissal of her appeal and its denial of her motion for reconsideration.

We agree with the district court's finding that the instant appeal is moot and need not address the appellees' alternative argument in support of dismissal.  Shelton did not obtain a stay, and as a consequence, implementation of the Plan proceeded unhindered.  At this juncture, the Plan has been substantially consummated such that this court could not fashion effective and equitable relief.  *See Manges v. Seattle-First National Bank*, 29 F.3d 1034, 1039 (5th Cir. 1994) (explaining that, in assessing whether a bankruptcy appeal is moot, the court examines whether a stay has been obtained, whether there has been substantial consummation of the plan, and whether the relief requested would

affect either the plan's success or the rights of third parties not before the court).  We therefore decline to consider the merits of the confirmation order and DISMISS the appeal as moot.

The appellee has moved for damages and costs under Rule 38 of the Federal Rules of Appellate Procedure, claiming that Shelton's appeal is frivolous.  Although we find that Shelton's appeal lacks merit, we decline to deem it frivolous. We therefore DENY the appellee's request for damages.

APPEAL DISMISSED.